**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Brett B. Goodman** (SBN 260899)
213.374.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Resurgent Capital Services, L.P., d/b/a
Resurgent Mortgage Servicing;
New Penn Financial, LLC, d/b/a
Shellpoint Mortgage Servicing; and
The Bank of New York As Trustee For
CWALT 2005-16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RUEPPEL, an individual<br>APRIL RUEPPEL, an individual<br><br>    Plaintiffs,<br><br> vs.<br><br>RESURGENT MORTGAGE SERVICING; SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK AS TRUSTEE FOR CWALT 2005-16; and DOES 1 through 10, INCLUSIVE,<br><br>    Defendants. | Case No.: 5:15-cv-4746<br><br>[Removal from the Superior Court of California for the County of Santa Cruz, Case No. CISCV182428]<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c) AND 1446**<br><br>[FEDERAL QUESTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Resurgent Capital Services, L.P., d/b/a Resurgent Mortgage Servicing; New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing; and The Bank of New York As Trustee For CWALT 2005-16 ("Defendants") hereby remove the action described below from the Superior Court of California for the County of Santa Cruz, to the United States District Court for the Northern District of California, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about September 14, 2015, plaintiffs Erik Rueppel and April Rueppel ("Plaintiffs") filed a Complaint in the Superior Court of California for the County of Santa Cruz ("Superior Court"), entitled *Rueppel v. Resurgent Mortgage Servicing, et al.,* Case No. CISCV182428. In the Complaint, Plaintiffs allege, among other things, that Defendants violated "State and Federal laws which were specifically enacted to protect consumers from abusive, deceptive, and unfair conduct." Complaint ¶ 10. More specifically, Plaintiffs contend that Defendants engaged in bad faith tactics in reviewing Plaintiffs' application for a home loan modification, and violated the "Code of Federal Regulations for their blatant disregard and handling of Plaintiffs fully submitted loan modification application." Complaint para. 22; 27.

Based on these allegations, Plaintiffs asserts seven causes of action against Defendant: (1) violation of the California Civil Code §2923.4, (2) violation of the California Civil Code §2923.7, (3) violation of the California Civil Code §2429.10,

(4) violation of the Code of Federal Regulations, Title 12, Chapter X §1024.41(b)(1), (5) violation of the Code of Federal Regulations, Title 12, Chapter X §1024.41(b)(2)(i)(A), (6) violation of the Code of Federal Regulations, Title 12, Chapter X §1024.41(b)(2)(i)(B), and (7) violation of the Code of Federal Regulations, Title 12, Chapter X §1024.41(b)(2)(ii). The Summons, Complaint, and Civil Case Cover Sheet are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the Code of Federal Regulations Title 12, Chapter X), which can be ascertained from the face of Plaintiffs' Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over Plaintiff's related state law claims, which forms part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Specifically, like Plaintiffs contend that Defendants violated state and federal law in the processing of Plaintiffs' loan modification application. Complaint, ¶¶ 5, 9-10. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about September 14, 2015, Plaintiff filed this action in the Superior Court of California for the County of Santa Cruz. This Notice of Removal is timely in that it was filed within 30 days from the time Defendants had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The Superior Court of California for the County of Santa Cruz is located within the United States District Court for the Northern District of California, San Jose Division. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiffs and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California for the County of Santa Cruz to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED:  October 14, 2015.

YU | MOHANDESI LLP

By  */s/ B. Ben Mohandesi*
B. Ben Mohandesi
Jordan S. Yu
Brett B. Goodman
Attorneys for Defendant
Resurgent Capital Services, L.P., d/b/a Resurgent Mortgage Servicing;
New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing; and
The Bank of New York As Trustee For CWALT 2005-16

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On October 14, 2015, I served the following document(s) by the method indicated below:

## NOTICE OF REMOVAL

|  | |
|---|---|
|  | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|  | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|  | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|  | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|  | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

*Plaintiffs' Counsel*
Patricia Rodriguez
RODRIGUEZ LAW GROUP, INC.
1961 Huntington Drive, Suite 201
Alhambra, CA 91801

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 14, 2015, at Los Angeles County, California.


Diana Choe